IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMON GONZALEZ, | )<br>) Civil Action |
| Petitioner | ) No. 2006-CV-04842 |
| vs. | )<br>) |
| JAMES T. WYNDER,<br>THE ATTORNEY GENERAL OF THE<br>STATE OF PENNSYLVANIA and<br>THE DISTRICT ATTORNEY OF THE<br>COUNTY OF BERKS, | )<br>)<br>)<br>)<br>) |
| Respondents | ) |

O R D E R

NOW, this 10th day of March, 2010, upon consideration of the following documents:

> 1. Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, which petition was dated October 26, 2006 and filed on October 30, 2006; (Document 1); and

> Memorandum of Law in Support of Petitioner's Habeas Corpus Filed under 28 U.S.C. § 2254(a) and in Compliance With Eastern District Local Rule 9.4 filed October 30, 2006 (Document 1);

> 2. Petition dated March 22, 2007 and filed March 28, 2007 (Document 5)[1];

---

[1] By Order dated February 28, 2007, I directed petitioner Ramon Gonzalez to file his Petition on the current standard 28 U.S.C. § 2254 form utilized in this district as required by Rule 9.3 of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania. The standard form contains warnings required to be provided to a petitioner pursuant to the decisions of the United States Court of Appeals for the Third Circuit in United States v. Thomas, 221 F.3d 430 (3d Cir. 2000) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

On March 28, 2007 petitioner complied with my directive and filed his Petition for habeas corpus relief on the current standard form. I have considered both petitioner's filings together with his memorandum of law as one integrated filing for purposes of this decision.

3. Answer to the Petition for Writ of Habeas Corpus and New Matter dated and filed July 27, 2007 (Document 13);

   Memorandum in Support of Commonwealth's Answer to the Petition for Writ of Habeas Corpus dated and filed July 27, 2007 (Document 14);

4. Answer to Respondent's Answer to Petition for Writ of Habeas Corpus and New Matter dated August 15, 2007 and filed August 17, 2007 (Document 18); and

   Petitioner's Answer/Response Pursuant to Eastern District Rule 9.4.7 With Memorandum of Law in Support dated August 15, 2007 and filed August 17, 2007 (Document 19);

5. Report and Recommendation of United States Magistrate Judge L. Felipe Restrepo dated November 13, 2007 and filed November 15, 2007 (Document 20); and

6. Objections to United States Magistrate's Report and Recommendation Pursuant to Local R.Civ.P. 72.1 With Memorandum of Law in Support, dated November 26, 2007 and filed December 3, 2007 (Document 22);

it appearing that petitioner's objections to Magistrate Judge Restrepo's Report and Recommendation are a restatement of the issues raised in his underlying petitions for habeas corpus relief and are without merit; it further appearing after de novo review of this matter that Magistrate Judge Restrepo's Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

    <u>IT IS ORDERED</u> that Magistrate Judge Restrepo's Report and Recommendation is approved and adopted.

IT IS FURTHER ORDERED that petitioner's objections to Magistrate Judge Restrepo's Report and Recommendation are overruled.[2]

IT IS FURTHER ORDERED that the pro se petition for habeas corpus relief is dismissed as time-barred without a hearing.

IT IS FURTHER ORDERED that because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied.

---

1. When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections. 28 U.S.C. § 636(b)(1); Local Rule 72.1(IV)(b). Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

   Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions. I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge. Raddatz, supra.

   As noted above, I conclude that petitioner's objections to Magistrate Judge Restrepo's Report and Recommendation are nothing more than a restatement of the underlying claims contained in his petition for habeas corpus. Moreover, upon review of the Report and Recommendation, together with de novo review of this matter, I conclude that the Report and Recommendation correctly determines the legal issues raised by petitioner.

   Accordingly, I approve and adopt Magistrate Judge Restrepo's Report and Recommendation and overrule petitioner's objections to the Report and Recommendation.

IT IS FURTHER ORDERED that the Clerk of Court shall close this matter for statistical purposes.

BY THE COURT:

/s/ JAMES KNOLL GARDNER
James Knoll Gardner
United States District Judge